UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10941-DMG (PJW) | Date | May 21, 2013 |
|---|---|---|---|
| Title | *Fabian Lopez v. California Men's Colony, et al.* | | |

| Present: The Honorable | Patrick J. Walsh, U.S. Magistrate Judge |
|---|---|
| Celia Anglon-Reed | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**    Order to Show Cause Why Action Should Not Be Dismissed with Prejudice

      Before the Court is a civil rights complaint filed by Plaintiff against the acting warden and medical personnel at California Men's Colony, alleging that they are liable under the Eighth Amendment because they "were all negligen[t]" in providing him medical treatment. (Doc. No. 3 at 3-4, 7.) After screening the complaint, the Court finds that Plaintiff has not and likely can not state a cause of action under the civil rights statute he sues under, 42 U.S.C. § 1983. The Court will, however, allow Plaintiff the opportunity to explain why the case should not be dismissed with prejudice at this stage.

      The Court is required to screen *pro se* complaints brought by prisoners and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(a), (b)(1). In determining whether Plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the complaint and views all inferences in a light most favorable to him. *See Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Because Plaintiff is proceeding *pro se*, the Court construes the complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (per curiam).

      Plaintiff sues the acting warden at California Men's Colony but does not allege that he played any role in his treatment. (Complaint at 2 ("The Warden . . . is responsible for my welfare which includes the required medical treatments from medical staff who are employed at [California Men's Colony].") Thus, it appears that Plaintiff is suing the warden solely because, as acting warden, he is presumably responsible for the employees and the prisoners at the prison. This, Plaintiff cannot do because there is no *respondeat superior* liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). What this means is that the acting warden of a prison cannot be sued for civil rights violations caused by his subordinates unless the acting warden deliberately took some action, or failed to take some action, which caused or contributed to the violation. Plaintiff's failure to allege such a connection is fatal to his claims against the warden. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[P]laintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10941-DMG (PJW) | Date | May 21, 2013 |
|---|---|---|---|
| Title | *Fabian Lopez v. California Men's Colony, et al.* | | |

Assuming that Plaintiff is suing the warden because he played a role in the administrative appeals process, that is not enough to establish liability under § 1983, either. *See, e.g., George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("'[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.'" (quoting *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982))).

Plaintiff also sues the medical personnel at California Men's Colony, alleging that they were *negligent*. To state a claim under the Eighth Amendment, however, a prisoner must allege that officials were deliberately indifferent to his medical needs. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). A medical care provider, however, is only liable for denying a prisoner needed medical care if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The conduct must be purposeful and substantial; negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 104-107 (1976); *Farmer*, 511 U.S. 825, 835 (1994) ("*Estelle* establishes that deliberate indifference entails something more than mere negligence . . . .").

The crux of Plaintiff's claims is that his doctor *negligently* treated him. Assuming, arguendo, that Plaintiff is correct, he has not and can not state a constitutional claim against his doctor or the medical staff based on negligence. *See Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (concluding prison officials were not deliberately indifferent where a specialist recommended surgery, but subsequent treating physicians concluded surgery was unnecessary); *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012) ("Dr. Schuster's alleged failure was negligent misdiagnosis, or a disagreement with Dr. Rotman. Therefore, the allegations are insufficient to establish deliberate indifference by Dr. Schuster."). Further, it does not appear that anything Plaintiff can say or do can cure the defects in his complaint--particularly in light of the fact that Plaintiff's complaint is verified, thus, locking him into his allegation that the conduct was negligent. However, recognizing that Plaintiff is proceeding *pro se*, the Court will allow him an opportunity to explain why the complaint should not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10941-DMG (PJW) | Date | May 21, 2013 |
|---|---|---|---|
| Title | *Fabian Lopez v. California Men's Colony, et al.* | | |

be dismissed with prejudice.  Plaintiff has until June 21, 2013, to file his brief.  Failure to timely abide by this Order will result in the dismissal of this action.

cc:
Fabian Lopez
c/o John Murray
3801 Scott Rd.
Burbank, CA 91504

Fabian Lopez
Colombia #1423
Col. 5 de Diciembre
Puerto Vallarta, Jalisco
Mexico

S:\PJW\Cases-Civil Rights\LOPEZ 12-10941\MO screening.wpd

:   00

Initials of Preparer   ca